# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BROOKE CREDIT CORPORATION,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | No. 06-2577-CM |
| ) | |
| **LOBELL INSURANCE SERVICES, LLC,** ) | |
| **and PAUL ROY EUGENE ELEAZAR, JR.** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Brooke Credit Corporation brings this case against defendants Lobell Insurance Services, LLC and Paul Roy Eugene Eleazar, Jr., alleging conspiracy to tortiously interfere with a contract, tortious interference with a contract, conversion, and requesting replevin. The case is before the court on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer (Doc. 11). Because plaintiff has made allegations that support personal jurisdiction, defendants' motion is presently denied.

II. Judgment Standards

A plaintiff bears the burden of establishing personal jurisdiction over a defendant. *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). To demonstrate personal jurisdiction sufficient to defeat a motion to dismiss, a plaintiff need only make a prima facie showing that jurisdiction exists.[1] *Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518,

---

[1] Eventually a plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at trial. *Behagen v. Amateur Basketball Ass'n of U.S.A.,* 744 F.2d
(continued...)

1524 (10th Cir. 1987). In ascertaining the facts necessary to establish jurisdiction, the court must accept as true the allegations set forth in the complaint to the extent they are uncontroverted by the defendant's affidavits. *Id.* The plaintiff, however, has the "duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989). The complaint and any affidavits submitted are to be construed, and any doubts are to be resolved, in the light most favorable to the plaintiff. *Fed. Deposit*, 959 F.2d at 174.

II.     Analysis

Plaintiff and defendants compare the present facts to recent cases in this district involving plaintiff. Defendants compare this case to *Brooke Credit Corp. v. Lobell-Dixon Insurance Agency, LLC*, No. 06-2510-CM, 2006 WL 3792108 (D. Kan. Dec. 21, 2006). Defendants argue that the doctrine of collateral estoppel based on the prior case requires dismissal of the present case, and that any new allegations that could distinguish the present case are improperly supported. Plaintiff compares this case to *Brooke Credit Corp. v. Texas American Insurers, Inc.*, No. 06-1367-JTM, 2007 WL 1586082 (D. Kan. May 31, 2007). Plaintiff responds that the present facts and allegations are identical to those in *Texas American Insurers, Inc.*, and because this district found personal jurisdiction and denied transfer in that case, the same logic would apply here.

The court finds that the comparison to *Texas American Insurers, Inc., Inc.* is more appropriate. Both cases involve plaintiff bringing multiple claims, including a conspiracy to commit a tort, against a defendant that was allegedly involved in the transfer of clients from a party that

---

[1] (...continued)
731, 733 (10th Cir. 1984); *Wilson v. Olathe Bank*, No. 97-2458-KHV, 1998 WL 184470, at *1 (D. Kan. Mar. 2, 1998).

contracted with plaintiff. The key distinction from *Lobell-Dixon Insurance Agency* is the conspiracy claim. As the court in *Texas American Insurers, Inc.* noted, "[u]nlike the *Lobell-Dixon* case, plaintiff has alleged a conspiracy to commit a business tort." 2007 WL 1586082, at *5.

The conspiracy claim distinction hinders defendants' arguments. First, defendants argue that the doctrine of collateral estoppel precludes this court from having jurisdiction. However, the doctrine of collateral estoppel requires that "the issue previously decided is identical with the one presented with the action in question." *Hjersted Family Ltd. P'ship v. Hallauer*, No. 06-2229-CM, 2007 WL 1019469, at *2 (D. Kan. Apr. 3, 2007) (quoting *United States v. Botefuhr*, 309 F.3d 1263, 1282 (10th Cir. 2002)). The case that defendants claim previously decided the present issues, *Lobell-Dixon*, did not have a conspiracy claim. In that case, this court noted, "[p]laintiff's complaint does not include any allegation of conspiracy to commit a business tort." Here, such an allegation is made. Thus, the issues are not identical and the application of collateral estoppel is inappropriate.

Second, defendants argue that the allegations supporting the conspiracy claim are unsupported and that the court should not consider them. Defendants complete the argument by reasoning, "[i]f the Court does not consider these allegations then it is left with virtually the exact allegations that were before it when it ruled that there was no personal jurisdiction over defendant Lobell Insurance Services and the result should be the same." The flaw in that conclusion is that it assumes that the alleged facts in the prior case would have been insufficient to bring a conspiracy claim. This court did not reach that issue in the prior case because there was no conspiracy claim. The court now addresses that issue by returning to *Texas American Insurers, Inc.* In that case, the district court found nearly identical allegations were sufficient to support personal jurisdiction and deny a request for transfer. For the same reasons asserted in the conclusions of law found in *Texas American Insurers, Inc.* regarding the Kansas long-arm statute, due process considerations, and the

-3-

factors related to personal jurisdiction over a defendant with minimum contacts, there exists personal jurisdiction over defendants here. As in *Texas American Insurers, Inc.*, transfer remains improper for this case.

Defendants' only remaining argument is that the court should disregard the allegations because plaintiff bases them on "information and belief." First, the judgment standard requires that the court accept as true the allegations set forth in the complaint to the extent they are uncontroverted by the defendants' affidavits and that the complaint and any affidavits submitted are to be construed, and any doubts are to be resolved, in the light most favorable to the plaintiff. Defendants' only evidence challenging the conspiracy allegations is a statement in Rhonda Lobell's deposition, "[s]he did not encourage or direct defendant Eleazar to establish [defendant Lobell Insurance Services] for the purpose of transferring Lobell-Dixon accounts to [defendant Lobell Insurance Services]." In plaintiff's response memorandum (Doc. 48), plaintiff again alleges facts related to the conspiracy claim "on information and belief," but also provides additional references to and copies of depositions that could support those allegations. At this stage, the court finds that these submissions are sufficient to support a conspiracy and personal jurisdiction.

Because defendants improperly relied on *Lobell-Dixon Insurance Agency, LLC*, and failed to adequately distinguish *Texas American Insurers, Inc.*, the court presently finds plaintiff has established a case of personal jurisdiction over defendants. Transfer is inappropriate

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative to Transfer (Doc. 11) is denied.

Dated this 30th day of 2007, at Kansas City, Kansas.

    s/ Carlos Murguia
    **CARLOS MURGUIA**
    **United States District Judge**